*Daphne Buck et al. v. Kroger Managment-NMTC Athens I, LLC*
*Superior Court of Cobb County, State of Georgia*
*Civil Action File Number:  21100313*

*Daphne Buck et al. v. Kroger Managment-NMTC Athens I, LLC*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:19-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT IN THE SUPERIOR COURT OF COBB COUNTY, STATE OF GEORGIA

ID# 2021-0005319-CV
☒ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21100313**

C. LaTain Kell Sr. - 49

JAN 13, 2021 05:38 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of ___Cobb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed _01-13-2021_<br>MM-DD-YYYY | Case Number _21100313_ |

**Plaintiff(s)**

Buck, Daphne

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Buck, Michael

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Kroger Management-NMTC Athens I, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Okeke, Michael_     **Bar Number** _148141_     **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

ID# 2021-0005318-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**21100313**
C. LaTain Kell Sr. - 49
JAN 13, 2021 05:38 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# SUPERIOR COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21100313</u>

$214.00 COST PAID

Buck, Daphne
Buck, Michael

_____
**PLAINTIFF**

**VS.**

Kroger Management-NMTC Athens I, LLC ,
DBA K011 Kroger East/Atlanta

_____
**DEFENDANT**

**SUMMONS**

TO: KROGER MANAGEMENT-NMTC ATHENS I, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

**Michael Okeke**
**Okeke Law Firm,P.C.**
**1567 Blossom Drive**
**Atlanta, Georgia 30349**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If this action pertains to a Protective
Order, the Answer is to be filed and served on or before the scheduled hearing date attached.
If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint.

**This 13th day of January, 2021.**

Clerk of Superior Court

_____
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

2021-0005320-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21100313**

C. LaTain Kell Sr. - 49
JAN 13, 2021 05:38 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER   **21100313**


**Buck, Daphne ; Buck, Michael**
Plaintiff

Vs.

**Kroger Management-NMTC Athens I, LLC**
Defendant

## TYPE OF ACTION

- o Divorce without Agreement Attached
- o Divorce with Agreement Attached
- o Domestic Relations
- o Damages Arising out of Contract
- ☑ Damages Arising out of Tort
- o Condemnation
- o Equity
- o Zoning – County Ordinance Violations (i.e., Injunctive Relief-Zoning)
- o Zoning Appeals (denovo)
- o Appeal, Including denovo appeal – excluding Zoning

- o URESA
- o Name Change
- o Other
- o Recusal
- o Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

- ☑ NO
- o YES – If yes, please fill out the following:

1. Case # _____

2. Parties _____

3. Assigned Judge _____

4. Is this case still pending?        o  Yes    o  No

5. Brief description of similarities:


/S/   **Okeke, Michael**

Attorney or Party Filing Suit

ID# 2021-0005317-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21100313**

C. LaTain Kell Sr. - 49
JAN 13, 2021 05:38 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Daphne Buck** | ) |
| **Michael Buck** | ) |
| *Plaintiffs* | ) |
| | ) |
| | ) Civil Action File |
| v. | ) No._____ |
| | ) |
| | ) |
| **Kroger Management-NMTC Athens I,** | ) |
| **LLC. (K011 Kroger East/Atlanta)** | ) |
| *Defendant* | ) |

### COMPLAINT FOR PERSONAL INJURY DAMAGES
### ATTORNEY'S FEES AND EXPENSES

COME NOW, Plaintiffs **Daphne Buck and Michael Buck** by and through undersigned counsel, and file their Complaint against Defendant, **Kroger Management-NMTC Athens I, LLC (K011 Kroger East/Atlanta)** and in support thereof, state as follows:

### I. JURISDICTION AND VENUE

1.

Defendant is subject to the jurisdiction and venue of this court.

2.

Defendant is a Georgia corporation with registered agent as: **CSC of Cobb County, Inc., and can be served with process at its office located at 192 Anderson Street, Suite 125, Marietta, (Cobb County) GA 30060.**

3.

This Court may exercise jurisdiction over the subject matter of Plaintiffs' Complaint and venue is proper.

### II. FACTUAL ALLEGATIONS

4.

Plaintiffs adopt and incorporate by reference paragraphs 1 through 3 of their Complaint as if said paragraphs were fully set forth herein in this Complaint.

5.

At all times relevant and prior to the date of the incident in issue, October 3, 2019, Plaintiff, Mrs. Buck, was a very energetic 58 years young lady, happily married for over 30 years to Mr. Michael Buck and they are blessed with 3 adult children. Mrs. Buck is college educated and *inter alia*, held a full-time employment as an Administrative Assistant with Clayton County Public School.

6.

At all times relevant and prior to her slip-and-fall incident inside the business premises of Defendant, Plaintiff Mrs. Buck, cannot recall ever having any injuries to her left knee.

7.

On October 3, 2019, Plaintiff Mrs. Buck went shopping with her daughter at Defendant's Kroger Store East/Atlanta located at 101 Fairview Road, Ellenwood, GA 30294. Her daughter stayed in the car while Mrs. Buck walked into the front of the Kroger store and got one of the shopping carts and walked further into the store front immediately spotting some cold bottled water. She reached out and got two Smart water bottles and placed them in the shopping cart. As she proceeded into the store with both of her hands holding the shopping cart, her feet became slippery on the floor as if she had stepped on some objects left on the floor. She lost control as she slipped and hit the store floor really hard resulting in a sharp pain to her left knee, left hip, and to the back area of her body.

8.

The incident attracted the attention of a gentleman who came around the bend and said he was just going to get a cone to place in front of the coleslaw. That was when Mrs. Buck realized that she had stepped on the coleslaw the gentleman was referring to. The gentleman said he would call management while another young lady came from the location of the customer service desk, said she would get a chair for Mrs. Buck. As Mrs. Buck waited, the gentleman said he would alert management again for assistance. At the time she slipped and fell, she noticed another gentleman standing nearby in a security guard's uniform who just looked at her but made no attempts to assist her.

9.

As Plaintiff Mrs. Buck waited for the store manager to show up, an employee of Kroger started sweeping the areas where she slipped and fell so as to get the coleslaw off the floor. As Mrs. Buck waited, the lady from customer service came back with a chair and another employee came with the electric wheelchair. At this time, the guy in the security uniform approach Mrs. Buck and started asking for her name and other personal

information. In response, Mrs. Buck took out her driver's license and showed it to him. Thereafter, a young lady who appeared to be in management appeared, directed the other employees to try and get her up from the floor. Mrs. Buck's daughter, Nicole Buck, who was sitting in the car came into the store just as the Kroger employees were trying to get Mrs. Buck up from the floor. At that time someone asked Mrs. Buck if she needed an ambulance and her daughter responded in the positive, adding that she didn't think it was a good idea to try and move her mother, Mrs. Buck.

10.

Plaintiff Mrs. Buck stated that several store employees attempted to help pull her off the floor where she fell but they were unsuccessful because she was in too much pain. She remained on the Kroger store floor where she slipped and fell until the ambulance service arrived shortly thereafter and with the help of the paramedics, Mrs. Buck was taken up from the store floor and placed inside the ambulance which transported her to Piedmont Henry Hospital E/R for medical attention.

11.

**Chief Complaint & Treatment:** Mrs. Buck injured her left knee, left hip, right ankle and her mid and lower back.

MRI of the **left knee** reveals, *inter alia*, the following:

1. There is a horizontal oblique tear of the body of the left knee medial meniscus violating the free edge and extending slightly into the posterior horn where it violates the inferior meniscal surface. There is a 1.0 cm ganglion cyst intimately associated with the anterior coronary ligament of the anterior horn of the medial meniscus.

2. There is a horizontal oblique tear of the body and posterior horn of the left knee lateral meniscus violating the free edge and inferior meniscal surface. The tear extends slightly into the anterior horn as well at the junction of the body and anterior horn.

**Injections:** Mrs. Buck received several injections, prescriptions, as well as sessions of chiropractic therapy as conservative treatment for her injuries, with little or no improvement in her condition. She received additional injection to her back in July 2020.

**Left Knee Surgery:** When conservative treatment failed, Mrs. Buck underwent surgery to repair the left knee injury she sustained in the slip-and-fall of October 3, 2019. Total recovery of the use of her left knee has not been achieved even after the surgery and she now has limited use of the said left knee. She is still undergoing sessions of

physical therapy with hopes of regaining the use of her left knee with very minimal success. **Her left knee injury therefore, appears to be permanent.**

12.

Details and specifics of the injuries Mrs. Buck sustained in the slip-and-fall are better stated in her medical records which were forwarded by Plaintiff along with the Demand Letter to Defendant.

13.

**Medical Treatment & Facilities:** Resulting from the slip-and-fall incident at the premises of Defendant, Mrs. Buck received medical treatment from the following healthcare providers:

1. Ambulance transportation from Kroger to Piedmont Henry Hospital E/R
2. Piedmont Henry Hospital E/R Room
3. TEAM Health, E/R Physicians
4. Hands On Chiropractic & Wellness Clinic by Dr Ashanda Stephens
5. Barbour Orthopaedic by Dr. Scott Barbour
6. eLITE Radiology of Georgia by Dr. Luke R. Scalcione
7. Atlanta Orthopaedic Imaging (MRI and CAT Scan)
8. Georgia Spine & Orthopaedics by Dr. Erik Bendiks
9. Surgery Center of Roswell (Administered Injections)
10. Piedmont Anesthesia
11. Peachtree Orthopaedic Surgery Center
12. Always-Care Physical Therapy (Post surgery in-home physical therapy services)
13. TEAM Rehab Physical Therapy

14.

**Medical Specials:** Accordingly, the following are the medical expenses incurred thus far by Mrs. Buck:

1. Ambulance Service by Henry County Board ..............................………..$1,014.40
2. Piedmont Fayette Hospital E/R ……………….........................……..$3,963.20
3. Medical Record Fee for the E/R (HealthPort)……………....................$76.11
4. TEAM Health, E/R Physicians……………………………………………$877.00
5. Hands On Chiropractic & Wellness Clinic …………………………..$7,905.00
6. Barbour Orthopaedic……………………………………………………$ 9,172.64
7. eLITE Radiology of Georgia (D/O/S: 01/23/2020)…………….....…..$3,900.00
8. eLITE Radiology of Georgia (D/O/S: 02/06/2020)………………...….. $3,900.00
9. Surgery Center of Roswell (Injections)……………….......................…..$7,527.11
10. Georgia Spine & Orthopaedics  (1/8/'20 to 7/10/'20 Post Surgery)…..$48,845.12
11. Piedmont Anesthesia………………………………………….............To be provided

12. Peachtree Orthopaedic Surgery Center.................................... $76,878.88
13. Always-Care Physical Therapy (In-home post surgery P.T.)........... $840.00
14. TEAM Rehab Physical Therapy (Still in Therapy)..................... $14,785.00

**TOTAL .......................................... $179,684.46 PLUS**


15.

**Limitations:** Mrs. Buck is now scared on her left knee for the rest of her life after undergoing surgery to correct the injuries which resulted from the slip-and-fall in issue. As a result of this permanent scare on her left knee, she is no longer able to wear high heel shoes, short dresses, short pants, swimming suit or feel good about herself and look pretty as she was in the habit of doing and as is the custom of ladies in her age bracket. Due to the limited range of motion on her left leg, Ms. Buck is unable to continue her normal duties as a mother and a wife to her husband.

16.

**Pain & Suffering:** Mrs. Buck has been subjected to undue pain and suffering in the following aspects:
1. Interference with normal living,
2. Interference with enjoyment of life,
3. Loss in capacity to labor and earn money,
4. Impairment of bodily health and vigor,
5. Confinement – actual and fear of confinement in the future,
6. Fear of extent of injury,
7. Shock of impact,
8. Actual physical pain and suffering – past and future,
9. Mental anguish  - past and future,
10. Must limit activities for the rest of her life.

**These conditions are real to her life and she is not exactly who she used to be before this knee injury**

17.

**Mr. Michael Buck – Loss of Consortium:** Plaintiff Mr. Michael Buck is happily married to Plaintiff Mrs. Daphne Buck for over 30 years and they are blessed with 3 adult children. The injuries sustained by his wife in the slip-and-fall incident in issue has subjected him to undue **pain and suffering** in the following aspects:
1. Interference with normal living,
2. Interference with enjoyment of life,
3. Shock of impact on his wife,

4. Mental anguish - past and future,
5. Loss of CONSORTIUM.

## III. CAUSES OF ACTION
## COUNT ONE: NEGLIGENCE

18.

Plaintiffs incorporate by reference each preceding and subsequent allegation in this Complaint.

19.

Defendant's liability for Plaintiffs' injuries stems from the premises liability under O.C.G.A. Section 51-3-1, because Defendant is the owner/occupier of the business premises where Plaintiff Mrs. Buck was severely injured.

20.

Plaintiff's injury occurred as a result of, and was proximately caused by the careless, negligent, and reckless conduct of Defendant which consisted *inter alia*, of the following particulars:

1. Defendant's failure to properly supervise the common areas in question so as to furnish to members of the public, a safe area, free from hazards which were recognized or should have been recognized by Defendant as causing or likely to cause the serious physical harm to Plaintiff and to others.
2. Defendant's failure to maintain the above premises and the floor areas in a safe condition to ensure that Plaintiff and others would not be caused to be injured as a result of dangerous object on the floor which existed and which were known and should have been known to Defendant.
3. Defendant's failure to properly inspect the premises and the floor areas wherein Plaintiff was caused to be injured as a result of the dangerous object left on the floor area.
4. Defendant's failure to maintain the premises especially the floor area, in good and safe condition for Plaintiff and others.
5. Defendant's failure to comply with the applicable laws and regulations of the State of Georgia and the applicable Federal Laws and regulations;
6. Otherwise failing to exercise the degree of care required under the circumstances; and
7. Otherwise being negligent.

21.

As a result of the aforesaid conduct and breach of care of Defendant, Plaintiffs sustained the injuries, losses and damages which were more fully described above, **without any negligence of Plaintiffs, contributing thereto.**

## COUNT TWO: LOSS OF CONSORTIUM

22.

Plaintiffs incorporate by reference all previous and subsequent allegations of this Complaint.

23.

At the time of the incident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and Plaintiffs have continued to stay married.

24.

As a result of the wrongful and negligent acts of the Defendant, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

## COUNT THREE: DAMAGES

25.

Plaintiffs incorporate by reference all previous and subsequent allegations of this Complaint

26.

All the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendant.

27.

**At all times herein mentioned, Plaintiffs exercised ordinary and due care for their own personal safety, and were without fault.**

28.

The negligence of Defendant was the sole and proximate cause of Plaintiffs' injuries.

29.

As a direct and proximate result of the actions of the Defendant, Plaintiffs sustained:

a) Various bodily injuries, including, but not limited to injuries to her left hip, lower back, neck area, and left knee which caused her to undergo surgery;

b) Past present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c) Past, and future medical expenses currently **$179,684.46 and CONTINUING**

d) Loss of consortium

30.

As a direct and proximate cause of Defendants' negligence, and where applicable, negligence per se, Plaintiffs suffered personal injuries including bodily injury, pain and mental suffering and are entitled to damages.

31.

As a direct and proximate cause of Defendants' negligence, and where applicable, negligence per se, Plaintiffs will incur future medical expenses, in an amount to be proven at trial.

32.

As a direct and proximate cause of Defendant's negligence and where applicable, negligence per se, Plaintiffs are entitled to damages for pain and suffering in an amount to be proven at trial.

## COUNT FOUR
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## AGAINST DEFENDANT UNDER O.C.G.A § 13-6-11

33.

Plaintiffs incorporate by reference all previous and subsequent allegations of this Complaint.

34.

On October 5, 2019, Plaintiffs sent to Defendant, a notice of claim arising from the subject incident **and requested policy coverage pursuant to *Official Code of Georgia Annotated §33-3-28 (a)(1).*** Defendant has hitherto, failed to comply with the referenced

Page **8** of **11**

Statute. Furthermore, Defendant stated in its acknowledgment letter of November 25, 2019, that it **does not participate in pre-litigation discoveries.**

26.

On November 11, 2020, Plaintiff presented a Time Limited Policy Limits Settlement Demand Letter to Defendant. Plaintiffs' Demand Letter was sent to Defendant via Certified Mail and included Plaintiffs' compliance with **O.C.G.A. § 9-11-67.1.**

27.

On November 18, 2020, Defendant sent letter to Plaintiff acknowledging receipt of the Plaintiffs' Demand package but never presented any settlement offer to Plaintiff.

28.

On December 30, 2020, Plaintiffs sent a reminder memo via email to Defendant with regards to their Time Limited Policy Limits Settlement Demand Letter to Defendant, response to which was about 45 days past due. Defendant replied in a memo of January 6, 2021 via email and demanded 3-5 years of Mrs. Buck's medical records. This is contrary to Defendant's position in its letter of November 25, 2019, stating Defendant **does not participate in pre-litigation discoveries.**

29.

Defendant's conduct prior to the lawsuit being filed, was in bad faith as contemplated under *O.C.G.A. § 13-6-11, "bad faith connected with the transaction and dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already."* **But for** Defendant's bad faith refusal to settle Plaintiffs' claim, this lawsuit would not have been necessary. Therefore, Plaintiffs are entitled to attorney's fees and expenses pursuant to **O.C.G.A § 13-6-11.**

30.

Pursuant to O.C.G.A. 13-6-11, Plaintiffs demand the recovery of expenses of litigation as Defendant had acted in bad faith, had been stubbornly litigious, and had caused Plaintiffs unnecessary trouble and expense by refusing to make good-faith effort to settle Plaintiffs' claim, even after receiving a Policy Limits Time Limited Settlement Demand letter from Plaintiffs, and for allowing this matter to be brought to court – especially, as Defendant's liability in the matter is obvious.

WHEREFORE, Plaintiffs pray and respectfully demand as follows:

1. That a copy of this Complaint and Summons be served upon Defendant;

2. That Plaintiffs have judgment against Defendant in the amount not less than **One Million Five Hundred Dollars ($1,500,000.00 )** or an amount to be determined at trial for past and future medical expenses, loss of consortium , past and future pain and suffering, and mental anguish, to which Plaintiffs have been subjected;

3. Judgment against Defendant for court costs and Attorney's fees;

4. That process issue as provided by law.

5. For such other reliefs as the Court deems just and proper.

Respectfully submitted this _13th_ day of January, 2021.

/s/ Michael Onyekwelu Okeke

-------------------------------------------

Mike O. Okeke, Esq.
Georgia Bar No.: 148141
Plaintiffs' Attorney

**Okeke Law Firm, PC**
P.O. Box 161345
Atlanta, GA 30321
Office: 770-996-6003
Fax: 770-996-9036
Cell: 404-403-4487
E-mail: mike@okekelawfirm.com

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

**Daphne Buck**　　　　　　　　　　)
**Michael Buck**　　　　　　　　　　)
*Plaintiffs*　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　Civil Action File
　　v.　　　　　　　　　　　　　　)　No._____
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
**Kroger Management-NMTC Athens I,**　)
**LLC. (K011 Kroger East/Atlanta)**　　)
*Defendant*　　　　　　　　　　　　)

### VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, **Daphne Buck** and **Michael Buck**, who after first being duly sworn, depose and state that the facts contained in the within and foregoing COMPLAINT FOR PERSONAL INJURY DAMAGES, ATTORNEY'S FEES AND EXPENSES are true and correct to the best of their knowledge and understanding at the time of execution.

This 13 day of January, 2021.

　　　　　　　　　　　　　　　_Daphne A Buck_
　　　　　　　　　　　　　　　**Daphne Buck**, Plaintiff

　　　　　　　　　　　　　　　_Michael A Back_
　　　　　　　　　　　　　　　**Michael Buck**, Plaintiff

Sworn to and subscribed before me

This 13th day of JANUARY, 2021.

_Michael Onyekwelu Okeke_
NOTARY PUBLIC

MICHAEL ONYEKWELU OKEKE
MY COMMISSION EXPIRES
NOTARY PUBLIC
JANUARY 25, 2024
CLAYTON COUNTY, GA

# SHERIFF'S ENTRY OF SERVICE

**ORIGINAL**

Civil Action No. _21100313_

Date Filed _1  13  21_

Attorney's Address   Okeke, Michael
Okeke Law Firm, P.C.
1567 Blossom Drive
Atlanta, GEORGIA 30349-

Name and Address of Party to be Served.
Kroger Management-NMTC Athens I, LLC

CSC of Cobb County, 192 Anderson Street. Suite 125

Marietta, GEORGIA 30060

| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia,   **COBB**   COUNTY **KEEP**

Buck, Daphne ; Buck, Michael

_____ Plaintiff

VS.

Kroger Management-NMTC Athens I, LLC , DBA K011

Kroger East/Atlanta

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Kroger  Management-NMTC -Athens I  LLC_  a corporation
by leaving a copy of the within action and summons with _CSC of  Cobb County_  c/o  _Torri Thompson_
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _22_ day of _Jan_, 20 _21_

_____ Deputy